[No. 4493.]

## MARCO MAINA v. KATE ELLIOTT AND FRED ELLIOTT.

SHERIFF'S SALE AND DEED FOR DELINQUENT TAX.—If a sheriff sells land on a judgment enforcing the lien of a tax, and the purchaser does not pay the price bid by him until five months after, and the sheriff then gives him a certificate of sale bearing date the date the sale was made, and at the end of six months from the day of sale gives him a deed, and there was no stipulation for a credit between the sheriff and the purchaser, the deed is not void, but passes the legal title.

REDEMPTION FROM SHERIFF'S SALE—EQUITY.—If a purchaser of land at a sale made by a sheriff for delinquent taxes, does not pay the price bid until five months after the sale, and then receives a sheriff's deed at the expiration of six months from the time of sale; although the sheriff's deed conveys the legal title, yet a court of equity will recognize the right of the owner to redeem at any time within six months from the day the purchase-money was paid, and will compel the sheriff's grantee to convey the legal title.

ACTION TO QUIET TITLE.— When, in an action to quiet the title to land, both parties show an equal equity, but one has also the legal title, he who has the legal title must prevail.

PURCHASER WITHOUT NOTICE.—If one who holds the legal title, subject to an equity in the hands of another, conveys such legal title to an innocent purchaser without notice, the purchaser will hold the legal title discharged of the equity.

OBLIGATION TO PAY TAX.—A party in possession of a lot to which another has acquired the title by a deed for a sale for taxes, is under no obligation to pay a tax levied after the tax deed is given.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Action to quiet the title to lot four, in the block between I and J and Twelfth and Thirteenth streets, in the city of Sacramento. In the early part of 1868, W. K. Brown was in possession of the lot, but it had been sold under a judgment for the taxes of the previous year, and Fred Elliott

had purchased it, and received a sheriff's deed, January 13, 1868. On motion of Elliott, Brown was removed, and Elliott was placed in possession on the 15th day of July, 1868, by virtue of a writ of assistance. The tax on the lot for the year 1868 became delinquent, and suit was brought to enforce it, in which both Brown and Elliott were made defendants, and judgment enforcing the lien of the tax was rendered July 20, 1869. An order of sale was issued on the judgment, and the sheriff again sold the lot, on the 30th day of August, 1869, to Eli Mayo. Mayo did not pay the purchase-money until the 12th day of February, 1870. There had been no agreement between Mayo and the sheriff about a credit on the purchase-price. The sheriff made no entry on his books about the sale, nor any return thereof, until the 15th day of March, 1870. On the 7th of March, 1870, the sheriff made Mayo a deed of the lot. The six months allowed by law to Elliott to redeem expired February 28, 1870. In November, 1869, Mayo, at the solicitation of Brown, agreed to convey to such person as Brown should name, the interest he (Mayo) had acquired from the tax sale, and Brown paid him ten dollars on account of the same. On the 8th of March, 1870, Mayo, in accordance with his agreement with Brown, and in consideration of the further sum of sixty dollars, conveyed the lot to Martin Rancich, the person named by Brown. On the 24th day of January, 1872, Rancich conveyed the lot to the plaintiff, Maina, who bought of him in good faith, and without notice and for a valuable consideration, and without any knowledge of the arrangement between Brown and Mayo. On the 15th day of March, 1870, Fred Elliott claimed the right to redeem the lot from the sheriff's sale to Mayo, and for that purpose deposited with the sheriff a sum sufficient to effect a redemption. On the 7th of December, 1870, Elliott conveyed his interest in the lot to John Dooley, who had acquired the title of Sutter, the Mexican grantee, and on the 3d day of June, 1871, Dooley conveyed the property to Kate Elliott, the wife of Fred Elliott. Prior to the deed to Kate, Dooley and her husband had been in possession of the lot since July 15, 1868.

The court below rendered judgment for the plaintiff, and the defendants Kate Elliott and Fred Elliott appealed.

*Beatly & Denson,* for the Appellants.

The time of redemption did not begin to run till Mayo paid the money to the sheriff. (*Gross* v. *Fowler,* 21 Cal. 392; *Bernal* v. *Gleim,* 33 Cal. 668.)

The deed was void because it was obtained for the benefit of Brown (who was himself bound to pay the tax), and would derive no benefit from a tax title thus acquired. (*Coppinger* v. *Rice,* 33 Cal. 408–425.)

The deed to Rancich was void, for several reasons:

He was the mere trustee of Brown; he stood in no better position than Brown himself.

The land was in the adverse possession of Fred Elliott, and he had thereby constructive notice of all defects in the chain of title. (*Smith* v. *Yule,* 31 Cal. 180; *Rilley* v. *Wilson,* 33 Cal. 691; *O'Rourk* v. *O'Connor,* 39 Cal. 442, 446–7; *Pell* v. *McElroy,* 36 Cal. 268.)

*A. C. Freeman and John K. Alexander,* for the Respondent.

Brown was under no obligation to pay the tax of 1868. Whatever title he had, terminated by the tax deed to Elliott of January 13, 1868. Plaintiff did not know that Brown ever had any interest in the lot.

The plaintiff, acquiring title under a judicial sale, cannot be affected by anything not to be ascertained by inspecting the record, and of which he had no notice. (*Reeve* v. *Kennedy,* 43 Cal. 643; *Hunt* v. *Loucks,* 38 Cal. 374; *Bagley* v. *Ward,* 37 Cal. 121.)

By the COURT:

Brown was under no obligation to pay the tax, and the rule laid down in *Coppinger* v. *Rice* (33 Cal. 425), does not apply to the facts of the present case.

In *Anderson* v. *Rider* (46 Cal. 137), it was held that the sheriff's deed was not *void* because the purchase-money was not paid for several months after the sale, there being—as in the case at bar—no stipulation for credit between the sheriff and purchaser.

The certificate of purchase, which was executed when the money was paid, took effect by relation as of the date of the sale, and the deed of the sheriff, made six months after the sale, was not void. But the doctrine of relation can never be made operative to deprive one of a substantial right, which could not have been effectively exercised until after the execution of the instrument or happening of the event, which is held to take effect at or to have relation to the prior date.

The court below found that within six months after the payment of the money to the sheriff, defendant, Fred Elliott, deposited with or paid to the sheriff a sufficient sum to redeem the property. Until the purchaser had paid the money it is clear that *he* was not entitled to receive the redemption-money, and until the certificate was issued Elliott could not exercise his right to redeem from the purchaser personally, or know how or when to exercise it.

While, therefore, the legal title passed to Mayo by the deed of the seventh of March, 1870, a court of equity would recognize the right in Elliott to redeem from him at any time within six months from the payment of the purchase-price by Mayo, and decree a conveyance of the legal title. But the controversy here is between Elliott (and his co-defendants) and Maina, an innocent purchaser for value, who has acquired the legal title from Mayo. There never was any well-founded doubt as to the doctrine, *in æquali jure melior est conditio possidentis*, in cases where the plaintiff sets up an equitable title against an equitable title, or a legal title of the defendant, acquired by a *bona fide* purchase without notice; for in such case, if the title of each party be equitable, the maxim must apply with full force; and if the title of the defendant be a legal title, equity ought not to deprive him of the protection of that title, as it is, under the circumstances, the superior title. (Story's Eq. Pl., Sec. 604 *a.*)

The equity is equal between persons who have been equally innocent and equally diligent.

In this case the defendant seeks to avoid the effect of the legal title in plaintiff's hands by proof of an equity, which

would have enabled him to control it while in the plaintiff's grantor, the purchaser at the sheriff's sale. But as the case shows an equal equity on the part of plaintiff, the legal title must prevail.

Judgment affirmed.